IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KROY IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:12-CV-00800-WCB |
| | § | |
| SAFEWAY, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Safeway, Inc.'s Unopposed Motion to Redact Portions of November 14, 2014 Transcript. Dkt. No. 222. The Court DENIES the motion without prejudice to Safeway's right to refile the motion within 10 days, with a particularized showing as to the justification for redacting the transcript with respect to each item for which Safeway seeks redaction.

Safeway requests redaction of the transcript of a hearing that took place in open court. In its motion, Safeway seeks to justify its redaction requests by stating, without elaboration: "The information subject to this request is believed to be confidential, sensitive business information of Safeway, all of which could provide an advantage to a business competitor if known." Dkt. No. 222, at 1. The motion adds that sealing the excerpts in question "will not affect the public's ability to understand the issues at stake in this litigation or how the judicial process operated in this matter. Safeway's interest in protecting its confidential, sensitive information outweighs any

conceivable public interest in the specific data that Safeway asks be redacted from the public record." Id. at 2.

The seven items that are the subjects of the motion relate to Safeway's incentive program, which is known as the "Just for U" program. Three of the seven refer, respectively, to the number of redemptions of "personalized deals" in a particular year, Dkt. No. 219, at 214, the percentage of redemptions that consisted of "personalized deals," id. at 221, and the amount spent and the return on investment from the "personalized deals" program, id. at 238. The first of those three was a number provided by Safeway's counsel in the course of argument at the hearing. The other two were numbers provided by Kroy's counsel.

The remaining four items are quite different in character. They all relate to a discussion of evidence from Kroy's damages expert regarding the percentage of Safeway's profits on the "personalized deals" program that should be allocated to Kroy. Dkt. No. 219, at 239-41. Each of the recited numbers relates to the expert's conclusion that Kroy should receive one-eighth of Safeway's profits from the accused program. Those numbers reveal something about the expert's calculations, but not about Safeway's program.

I

The common law recognizes a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also In re Violation of Rule 28(d), 635 F.3d 1352, 1356 (Fed. Cir. 2011); S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir.1993); Belo Broad. Corp. v. Clark, 654 F.2d 423, 429 (5th Cir. 1981). That right is implemented, the Fifth Circuit has explained, through "a strong presumption in favor of a common law right of public access to

court proceedings." United States v. Holy Land Found. for Relief & Dev., 624 F.3d 685, 690 (5th Cir. 2010); In re Violation of Rule 28(d), 635 F.3d at 1356.

To be sure, the "right to inspect and copy judicial records is not absolute," Nixon, 435 U.S. at 598, and the presumption in favor of public access to court records can be overcome in certain instances. For example, as the Supreme Court recognized in the Nixon case, courts have denied public access to court records when necessary to ensure that those records "are not 'used to gratify private spite or promote public scandal,'" or to ensure that court records are not used "as sources of business information that might harm a litigant's competitive standing." Id.

The decision whether to allow public access to court records is left to the "sound discretion of the trial court . . . to be exercised in light of the relevant facts and circumstances of the particular case." Nixon, 435 U.S. at 599. The exercise of that discretion is not unguided, however. "In determining whether to restrict the public's access to court documents, the court must 'weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts.'" In re Violation of Rule 28(d), 635 F.3d at 1357 (quoting Nixon, 435 U.S. at 602). And in making a decision as to whether to limit public access to court records, a judge must be cognizant of the fact that public access to judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." Van Waeyenberghe, 990 F.2d at 849; see also id. at 850 ("The real focus of our inquiry is on the rights of the public in maintaining open records and the 'check[] on the integrity of the system.'") (quoting Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985)). For that reason, the courts have held that a district court's "discretion to seal the record of judicial

proceedings is to be exercised charily," Van Waeyenberghe, 990 F.2d at 848, that the court "must use caution in exercising its discretion to lace records under seal," Holy Land, 624 F.3d at 689-90, and that the decision to seal or redact public records "must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public,'" id. at 690.

The party seeking to seal court documents has the burden of establishing that the presumption of public records should be overcome. Bianco v. Globus Med., Inc., 2014 WL 3422000, at *2 (E.D. Tex. July 14, 2014); Bankhead v. Gregg Cnty., 2013 WL 124114, at *2 (E.D. Tex. Jan. 9, 2013) (citing Torres-Montalvo v. Keith, 2011 WL 5023271, at *1 (S.D. Tex. Oct. 17, 2011)); LEAP Sys., Inc. v. MoneyTrax, Inc. 638 F.3d 216, 221-22 (3d Cir. 2011); Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004); United States v. Ladd, 218 F.3d 701, 704 (7th Cir. 2000). The moving party "can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1221 (Fed. Cir. 2013). That is, "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id.; see also In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir.1998) (district court's entry of a protective order was "unsupported by a 'particular and specific demonstration of fact'" where movant made only conclusory allegations of harm).

II

It is clear from the authority cited above that "compelling reasons" must be shown to justify striking material that has been entered in the public record of a case. Because the information at issue in this case was introduced in open court during a public court session, the burden of showing that the information should be stricken from the public record is especially high. See Bianco, 2014 WL 3422000, at *3; Warner Chilcott Co. v. Mylan Inc., Civil Action No. 11-6844 (D.N.J. Dec. 10, 2014) ("Courts have generally denied requests seeking after-the-fact sealing of a transcript of a proceeding that was held in open court."); Pfizer, Inc. v. Teva Pharm. USA Inc., 2010 WL 2710566, at *4 (D.N.J. July 7, 2010) ("Once a hearing is conducted in open court, information placed on the record is just that: information that is *on the record*.") (emphasis in original); cf. TriQuint Semiconductor, Inc. v. Avago Techs. Ltd., 2012 WL 1432519, at *2 (D. Ariz. 2012) ("[I]t cannot be said that the parties are seeking to retain the secrecy of any of the information disclosed in the transcripts, for this information has already entered the public domain. There is thus an inherent logical dilemma underlying the parties' requests because information that has already entered the public domain cannot in any meaningful way be later removed from the public domain."). While the Court does not regard the redaction request as wholly foreclosed by the fact that the information at issue was disclosed in open court, the prior disclosure makes the burden of establishing a right to redaction harder to meet.[1]

---

[1] Local Rule CV-5.2(b) provides a procedure for seeking redaction of a transcript of a judicial proceeding, but such redactions are principally directed at disclosures of personal data identifiers. See Fed. R. Civ. P. 5.2.

In this case, Safeway has not made any particularized showing that any specific prejudice or harm will result if the requested portions of the transcript are not redacted. The justification for the requested redaction is simply the blanket assertion that the information is confidential and sensitive, and that it could provide a business advantage to a competitor. Such general assertions of prospective harm are not sufficient to satisfy the requirement that a compelling showing be made to support a redaction or sealing order, particularly when the information has already been disclosed in open court. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) ("[G]ood cause must be demonstrated to justify [an] order" redacting or sealing a judicial transcript." . . . The party seeking redaction must show that "disclosure will work a clearly defined and serious injury to [that party]. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.") (citations and quotations omitted); Jeanbaptiste v. Wells Fargo Bank, N.A., 2014 WL 6790737, at *4 (N.D. Tex. Dec. 1, 2014) (a decision to seal or redact judicial records "must be 'supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.'") (citing Bianco, 2014 WL 3422000, at *2).

With respect to five of the seven items at issue, the case for redaction seems especially weak. The first item on Safeway's list was introduced into the record by Safeway's counsel without any suggestion that it was sensitive or confidential. That fact casts doubt on Safeway's present claim that failing to redact that material from the transcript would be significantly damaging to Safeway. The last four items on Safeway's list have nothing directly to do with Safeway's business. Instead, they relate simply to the opinion of Kroy's damages expert as to

6

what share of Safeway's profits from the accused program should go to Kroy. It is not at all clear to the Court how Safeway can show that information of that sort would be prejudicial to Safeway's business interests unless it were removed from the public record.

The remaining two items on Safeway's list—the percentage of redemptions under the Just For U program that resulted from "personalized deals," and the return on investment from the "personalized deals" program—might be shown to be sensitive information whose disclosure could harm Safeway's competitive standing, but no such showing has been made at this point. All the Court has before it at this point is Safeway's unelaborated assertion that all seven items on its list "could provide an advantage to a business competitor if known." As indicated by the authorities cited above, that is not enough to overcome the presumption against redaction of judicial records.

Because the conclusory statements made in Safeway's motion are insufficient to support a finding justifying the withdrawal of public record matters from judicial records, the Court DENIES the motion to redact the transcript. However, the Court will allow Safeway to refile its motion if it can provide the Court with sufficient details as to the reasons the material at issue is regarded as sensitive, so that the Court can conduct the required balancing of the private and public interests involved in any withdrawal of materials from public judicial records. Any such refiling of the motion to redact must be made within 10 days of the date of this order.

IT IS SO ORDERED.

SIGNED this 30th day of January, 2015.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE