# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| KROY IP HOLDINGS, LLC, | § | |
| | § | |
|       *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:12-cv-800-WCB |
| | § | |
| SAFEWAY, INC., | § | |
| | § | |
|       *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

In this patent infringement action, the defendant, Safeway, Inc., has moved for summary judgment of non-infringement based on two limitations in the asserted claims of U.S. Patent No. 7,054,830 ("the '830 patent"), owned by plaintiff Kroy IP Holdings, LLC. Dkt. No. 146. Kroy opposes the motion. Dkt. No. 162. After full briefing and a hearing on the motion, the Court DENIES Safeway's motion for summary judgment.

### I. BACKGROUND

The two asserted independent claims of the '830 patent are claims 1 and 19. They provide as follows:

The two asserted independent claims of the '830 patent are claims 1 and 19. They provide as follows:

    1. A system for incentive program participation and automated award fulfillment, comprising:

        a host computer coupled to a network;

1

a first database accessible from said host computer; and

an automated award fulfillment application program executed on said host computer for participation in incentive programs of a plurality of providers in communication with an inventory management system associated with each of said plurality of providers wherein said automated award fulfillment application program provides sponsor-selected fulfillment, said automated award fulfillment application program comprising:

code adapted to provide a sponsor-selected specific award unit item, said sponsor-selected specific award unit item being tailored to demographic and psychographic preferences of a sponsor-selected consumer user; and

code adapted to provide a sponsor-selected geographic location for fulfillment.

19. A method for providing an incentive programs [sic] and automating [sic] award fulfillment, comprising:

providing a host computer;

providing an incentive program on the host computer, wherein a participant may participate in said incentive program;

providing a database of awards on the host computer associated with the incentive program; and

providing automated award fulfillment of said awards to participants, including

providing communication with an inventory management system associated with each of a plurality of providers wherein said automated award fulfillment comprises

providing a sponsor-selected specific award unit item,

providing said sponsor-selected specific award unit item tailored according to demographic and psychographic preferences of a sponsor-selected consumer user, and

providing a sponsor-selected geographic location for fulfillment.

## II.  DISCUSSION

Safeway's summary judgment motion relates to two limitations in each of those claims (and in the asserted claims that depend from claims 1 and 19).  The limitations in dispute are the "sponsor-selected specific award unit item" limitation and the "sponsor-selected geographic location for fulfillment" limitation.

In its claim construction order, the Court construed the "sponsor-selected specific award unit item" limitation to mean "a specific award item and all of its corresponding identifying or classifying information selected by a sponsor."  Dkt. No. 90, at 20-24.  The Court construed the "sponsor-selected geographic location for fulfillment" limitation to mean "at least one specific geographic location selected by a sponsor for fulfillment."  Id. at 11-20.  Safeway contends that under the Court's construction of those two limitations, Safeway is entitled to judgment of non-infringement as a matter of law.

### A.  "A Sponsor-Selected Specific Award Unit Item"

Safeway's accused awards program, the "Just for U" program, generates personalized offers to particular households.  The offers are in the sets of coupons offering discounts on various products.  The customer elects which of the offers to select and can redeem those offers at Safeway stores in designated regions.

Safeway argues that because under the "Just For U" program the customer elects which, if any, of the personalized offers to select, the sponsor does not select a "specific award unit item," as is required by the "sponsor-selected specific award unit item" limitation of the '830 patent.  Instead, under the "Just For U" program, according to Safeway, the selection is made by the customer.  Kroy responds that the "sponsor-selected specific award unit item" limitation is

3

satisfied when the sponsor (in this case, Safeway) chooses the particular items to include in the package of award choices offered to each customer for redemption, even if the customer ultimately does not select all of the choices that are offered, or even any of them.

Based on the factual showing made by Kroy for purposes of this motion, the Court finds that Safeway is not entitled to summary judgment on this issue. Kroy has offered evidence that Safeway makes personalized offers to particular customers, and that is sufficient to satisfy the "sponsor-selected specific award unit item" limitation. The fact that customers may be offered more than one award from which to choose, and that they may elect not to redeem all of the awards they are offered does not take Safeway's program outside the reach of that limitation.

Safeway relies on the prosecution history to support its contention that allowing the consumer to select certain coupons for redemption among those offered by the sponsor means that the award is not "sponsor-selected" within the meaning of the '830 patent claims. In particular, Safeway points out that in the prosecution history of the '830 patent, the applicant distinguished a prior art patent to Kanter on the ground that Kanter's system does not allow a sponsor to designate an item to be redeemed. Instead, according to the applicant, Kanter "only allows a designation of a redemption location and a general amount of redemption," and teaches "consumer user selection of an item to be redeemed in exchange for accumulated credit value." In the claimed invention, by contrast, the applicant argued that the sponsor of the award "may select or determine what award unit . . . will be provided to the consumer user . . . ." Dkt. No. 146-7, at 23-24.

Safeway also relies on the discussion in the prosecution history of a prior art patent to Storey. See Dkt. No. 172-2, at 24-26. The applicant explained that Storey is directed to a "fully

4

integrated on-line frequency award program" such as a frequent flier program, in which the consumer is allowed "to browse an online catalog of awards to select from a present list of awards to electronically place an order to redeem a consumer-user designated award corresponding to an amount of awarded points." Id. at 24. The invention, according to the applicant, "includes sponsor designated or selected redemption whereby the sponsor of the award may select or determine what award unit . . . will be provided to the consumer user," while Storey "describes consumer user designated selection of an award." Id. at 25.

The Court does not regard those portions of the prosecution history as helpful to Safeway. The applicant distinguished Kanter and Storey on the ground that in those references the consumer was not offered a personalized award or set of awards, but instead was simply allowed to use credits that the consumer had won to select prizes from a general catalog. In Kanter, the applicant explained, the consumer was given "a general amount of redemption," i.e., a credit that the consumer could use to purchase an award; the consumer was then allowed to use that credit to purchase items from a general catalog. Storey was distinguished on the same ground. The applicant's discussion of those two references, in which the consumer is allowed to select awards from a general catalog, not personalized to the particular consumer, does not in any way disclaim a system in which the sponsor selects a personalized set of awards to offer to a particular consumer, after which the consumer is free to decide which, if any, of those awards to redeem. For that reason, the applicant's discussions of Kanter and Storey do not constitute the kind of "clear and unmistakable disavowal or disclaimer" that is necessary to justify giving claim language a narrower scope than its plain meaning would suggest. See Pacing Techs., LLC v. Garmin Int'l, Inc., 778 F.3d 1021, 1024 (Fed. Cir. 2015); GE Lighting Solutions, LLC v.

5

AgiLight, Inc., 750 F.3d 1304, 1309 (Fed. Cir. 2014); Omega Eng'g, Inc. v. Raytek Corp., 334 F.3d 1314, 1324 (Fed. Cir. 2003). Accordingly, the Court concludes that there is at least a disputed issue of material fact as to whether the Safeway "Just For U" program satisfies the "sponsor-selected specific award unit item" limitation.

### B. "A Sponsor-Selected Geographic Location for Fulfillment"

As to this limitation, Safeway contends that its award program provides for fulfillment at any Safeway store within a particular region, not for fulfillment at any specific designated store or stores. Accordingly, Safeway contends that the "geographic location for fulfillment" is not "sponsor-selected," since the customer is free to redeem an award at any Safeway store within the designated region. In making that argument, Safeway relies on the Court's construction of the "geographic location" limitation, which construed that limitation to mean "at least one specific geographic location selected by a sponsor for fulfillment." Dkt. No. 90, at 11-20.

Kroy responds that under the Court's claim construction the sponsor is not required to select a single specific location for redemption of the award, but instead can specify "at least one geographic location," which indicates that providing the customer a choice of more than one geographic location is consistent with the claim.

The Court agrees with Kroy that summary judgment is not appropriate on this issue. Kroy has offered evidence that Safeway's program commonly designates all Safeway stores within a particular geographic region as being the geographic location where customers are directed to redeem their awards. Safeway has not rebutted that evidence, but instead contends that designating all stores within a particular region is not sufficient to satisfy the requirement that the sponsor select a geographic location for fulfillment. Instead, Safeway appears to contend

6

that the claims require the sponsor to designate a specific store or specific stores as the geographic location for fulfillment. Safeway's argument would distinguish, for example, between specifically identifying all stores in a particular geographic region as proper locations for redemption (which Safeway appears to concede would satisfy the "geographic location" limitation) and simply identifying those stores by reference to their being in a particular region, without naming them individually (which Safeway contends would not satisfy the "geographic location" limitation).

Safeway's argument is not persuasive. The Court construed the "geographic location" limitation to be "broader than a 'specific store," and to include "a merchant, a retailer, or a POS [point of sale]." Dkt. No. 90, at 15. The Court held that the claims require "at least one specific geographic location, whether it be a merchant's location, a retailer's location, or a POS." Id. Contrary to Safeway's contention, however, the Court does not interpret the words "specific geographic location" in the Court's claim construction to be limited to a particular store or address; in the Court's view, a geographic location, such as a city, a region, or a state can qualify as a "specific geographic location," even if such a geographic location includes multiple stores at which the consumer can, for example, redeem a coupon and receive an award.

Again, Safeway relies on the prosecution history of the '830 patent, where the applicant stated that the sponsor "may designate the location of the redemption [and that the consumer can be] instructed to go to a store identified as having the award by the inventory management system to pick up the award unit . . . . The award unit can then be allocated from inventory to ensure availability upon a visit by the specific consumer user. For example, the location may

include the geographical location of the retailer, merchant or point of sale (POS)." Dkt. No. 146-7, at 24.

The Court does not find in that passage any clear disclaimer of claim scope of the sort asserted by Safeway. The applicant's statement is consistent with an interpretation of the claim language as requiring the sponsor to select the geographic location for redemption of the award, but it does not indicate that the geographic location must be a single specific store or address. It would not be inconsistent with the claim language or the quoted passage for a sponsor to direct the consumer user to redeem his award at any of a specified group of stores at which the award is available. Nothing in the claims or in the prosecution history limits the number of geographic locations to one. Accordingly, the Court rejects Safeway's argument that the prosecution history disclaims an interpretation of the term "geographic location for fulfillment" that would allow fulfillment to take place at any one of several stores within a particular geographic location.

Finally, Safeway relies on the deposition testimony of Kroy's expert, Robert James Sherwood, which Safeway contends supports its non-infringement contention with respect to the "geographic location" limitation. Safeway focuses on Mr. Sherwood's answer to Safeway's hypothetical question about whether a sponsor's direction to a consumer to pick up an award "at any of our stores in [a] particular zip code" would be sufficient to satisfy the "geographic location" limitation. Mr. Sherwood said that in that case his answer would be "no." He added that in that case, "we're not talking about a geographic location now; we're talking about a geographic region, I guess. . . . I distinguish between you can go to any store in the state as opposed to you can go to Kroger 1, Kroger 2, Kroger 3, Kroger 4. And I think that's what the

construction says, also. . . . I think it's a real reach to say a zip code is a geographic location." Dkt. No. 172-3, at 4-5.

While that portion of Mr. Sherwood's testimony is damaging to Kroy, other portions of his testimony seem to support Kroy's theory regarding the "geographic location" limitation. Thus, later in his deposition, Mr. Sherwood was asked, if a retailer issued a coupon to a customer and said the customer could redeem the coupon "in any Kroger store within a zip code, would that be a sponsor-selected geographic location for fulfillment?" He answered "I believe it would because they've identified at least one store where the consumer could select or could redeem the award." Dkt. No. 172-3, at 8. That statement, unlike his earlier statement, appears consistent with Kroy's understanding of the claim construction order. For that reason, taking all of Mr. Sherwood's deposition testimony into account, the Court does not find that it unambiguously supports Safeway's position on non-infringement.

In any event, the issue before the Court does not turn primarily on an evidentiary dispute; instead, the dispute is principally one of claim construction. The summary judgment motion requires the Court to resolve a dispute between the parties as to the meaning of its construction of the "geographic location" limitation, and in particular the meaning of the term "specific geographic location." The Court construes that term to refer to a geographic location, but not to require that the geographic location identify a particular individual store or point of sale. Thus, it is sufficient, in the Court's view, to identify a specific geographic location by reference to a city, region, or state. Based on that interpretation of the "geographic location for fulfillment" limitation, and the Court's earlier construction of that limitation, the Court does not find that the patent requires the sponsor to identify specific individual stores as the geographic location or

9

locations for fulfillment. Thus, even if Mr. Sherwood's deposition testimony is understood, at least in part, to be consistent with Safeway's interpretation of the Court's initial claim construction, that testimony is not fatal to Kroy's infringement case.

Because there is evidence from which a finder of fact could conclude that Safeway's program satisfies the "geographic location" limitation, as the Court interprets that limitation, the Court rejects Safeway's argument that Kroy's infringement claims fail as a matter of law.

For the foregoing reasons, Safeway's motion for summary judgment of non-infringement is denied.

It is so ORDERED.

SIGNED this 29th day of May, 2015.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE