IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KROY IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 2:12-cv-00800-WCB |
| | § | |
| SAFEWAY, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

In this patent infringement case, the Court granted defendant Safeway, Inc.'s motions for summary judgment of invalidity as to all asserted claims and entered a final judgment against plaintiff Kroy IP Holdings, LLC. Dkt. Nos. 225, 226, 228. Before the Court is Safeway's Opposed Motion for Entry of Bill of Costs. Dkt. No. 230. For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

Rule 54(d), Fed. R. Civ. P., provides that costs should ordinarily be awarded to a prevailing party. The categories of costs that are awardable are set forth in the federal costs statute, 28 U.S.C. § 1920, which provides that a judge "may tax as costs" five categories of items, including "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case"; "Fees and disbursements for printing and witnesses"; and "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The burden is on the party seeking an award of costs to show entitlement to an award for either item, which entails showing what the claimed expenditures

1

were for and, in the case of transcripts and copies, why those transcripts and copies were "necessarily obtained for use in the case." Holmes v. Cessna Aircraft Co., 11 F.3d 63, 64 (5th Cir. 1994) ("Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation."); Fogelman v. ARAMCO (Arabian Am. Oil Co.), 920 F.2d 278, 286 (5th Cir. 1991) (costs will be awarded "provided that the prevailing party demonstrates" that the copies were obtained "for use in the case.").[1] An award of costs, however, is not a matter of right; the district court may, in its discretion, refuse to tax costs in favor of the prevailing party. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987).

**1. Agreed Costs**

As to the portions of the bill of costs to which Kroy has not objected, the Court grants Safeway's request that the court tax costs in those amounts against Kroy. Accordingly, the Court awards $7039.77 to Safeway for the unobjected-to cost items.[2] The remaining items discussed in this order are disputed.

**2. Trial Preparation and Graphics**

Safeway requests an award of costs for "trial preparation and graphics" under 29 U.S.C. § 1920(4), as "fees for exemplification and costs of making copies." These items include (1) fees for preparing the technical tutorial for the claim construction hearing and (2) 50 percent of

---

[1] Issues involving the assessment of costs in a patent case are governed by Fifth Circuit law. See Electro Sci. Indus., Inc. v. Gen. Scanning Inc., 247 F.3d 1341, 1349 (Fed. Cir. 2001).

[2] These costs include fees of the Clerk ($500.00), compensation of court-appointed experts ($6489.77), and witness fees ($50.00).

the professional service fees for preparing graphics for use at trial. The total amount sought for those items is $35,243.49.

Kroy contends that the fees for preparing the technical tutorial are not recoverable because Safeway has not shown that the tutorial was "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Court agrees. Costs for technical tutorials may be recoverable in cases involving complicated technical matters, where the tutorials are "reasonably necessary to assist the Court in understanding the issues." See Fast Memory Erase, LLC v. Spansion, Inc., No. 3-10-CV-0481-M-BD, 2010 WL 5093945, at *6 (N.D. Tex. Nov. 10, 2010); Competitive Techs. v. Fujitsu Ltd., No. C-02-1673 JCS, 2006 WL 6338914, at *9 (N.D. Cal. Aug. 23, 2006). This is not such a case, however. The Court has observed that Kroy's patent does not recite "highly sophisticated systems and methods" but instead involves only "very conventional applications of well-known computer functions." Memorandum and Opinion, Dkt. No. 226, at 47. It is not necessary to resort to technical tutorials in order to understand this technology. Thus, Safeway's tutorial was prepared as a matter of convenience rather than necessity, and the costs related to the tutorial are not recoverable under section 1920(4).

Kroy further contends that Safeway cannot recover the costs of preparing trial graphics because it did not obtain pretrial authorization from the Court for those expenses. The pretrial authorization requirement originates from Johns-Manville Corp. v. Cement Asbestos Products Co., 428 F.2d 1381 (5th Cir. 1970), in which the Fifth Circuit concluded that there is no statutory provision for the taxation of charts and exhibits, but that such costs may nonetheless be recoverable if the producing party has obtained pretrial authorization from the court before incurring the costs. Id. at 1385.

The Johns-Manville decision has since been recognized as abrogated in part by Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). See Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc., 249 F.3d 1293, 1297 (11th Cir. 2001). In Crawford Fitting, the Supreme Court held that statutory authorization is an essential prerequisite to an award of costs and that the court has no discretion to tax as costs expenses beyond those specified in the governing statute, section 1920. Crawford Fitting, 482 U.S. at 441-43.

The Fifth Circuit and the Eleventh Circuit, although both bound by the Johns-Manville decision, have interpreted the effect of Crawford Fitting on Johns-Manville differently. The Eleventh Circuit took the view that Crawford Fitting undermined only the holding in Johns-Manville that exhibit costs may be taxed without statutory authorization, and that it did not affect Johns-Manville's conclusion that there is no statutory authorization for such expenses. See U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 610 (11th Cir. 2000). Thus, the Eleventh Circuit adopted a bright-line rule that exhibit costs are not taxable. W&O, 213 F.3d at 610; Arcadian Fertilizer, 249 F.3d at 1297 ("[W]e conclude that the term "exemplification" [as used in section 1920(4)] imports the legal meaning of 'an official transcript of a public record, authenticated as a true copy for use as evidence,' . . . and not the broader and common connotation that includes 'a showing or illustrating by example.'")

The Fifth Circuit adopted a less restrictive approach in Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319 (5th Cir. 1995), where the court held that under the version of Fed. R. Civ. P. 16 then in effect, a district court could authorize the production of trial exhibits (including charts and models) if doing so would "facilitate the just, speedy, and inexpensive disposition of the action." Id. at 335 (citing Johns-Manville, 428 F.2d at 1385 and the then-

4

current version of Rule 16(c)(16)).  However, the court held that a party is not entitled to taxation of the production costs to its opponents unless it has obtained pretrial approval for the exhibits. Id.

Thus, Louisiana Power authorized the taxation of production costs for trial exhibits that have been pre-approved by the court.  It did so pursuant to Fed. R. Civ. P. 16, rather than section 1920.  That holding appears inconsistent with Crawford Fitting, which instructed courts to tax as costs only those expenses enumerated in section 1920.  Nevertheless, many trial courts in the Fifth Circuit have continued requiring a party to obtain pretrial approval in order to later recover costs for producing trial exhibits and demonstratives.  See, e.g., Fast Memory Erase, LLC v. Spansion, Inc., No. 3-10-CV-0481-M-BD, 2010 WL 5093945, at *6 (N.D. Tex. Nov. 10, 2010) ("In the Fifth Circuit, expenses for the production of various types of non-testimonial evidence— such as photographs, maps, charts, graphs, and other demonstrative aids—are taxable as costs provided the prevailing party obtained court approval before incurring the expense."); Taylor v. Seton Healthcare, No. A-10-CV-650 AWA, 2012 WL 2396876, at *4 (W.D. Tex. June 22, 2012) ("[Defendant] did not seek pretrial approval of these exhibits. Accordingly, the Court finds these costs should not be taxed."); but see SynQor, Inc. v. Artesyn Techs., Inc., No. 2:07-CV-497-TJW-CE, 2011 WL 4591893, at *3 (E.D. Tex. Sept. 30, 2011) (awarding the prevailing party 75% of the trial audio and visual professional services fees, without explicit pretrial approval from the court, where the court found that use of technology during trial "is an anticipated, useful, and necessary tool to assist in the efficient presentation of cases").

The pretrial authorization procedure—assuming it survived Crawford Fitting—gives the parties notice and an opportunity to object to unanticipated costs.  See Datapoint Corp. v.

Picturetel Corp., No. 3:93-CV-2381-D, 1998 WL 401630, at *5 (N.D. Tex. July 9, 1998); see also Johns-Manville, 428 F.2d at 1385 ("This [pretrial approval] procedure avoids the possible abuse of incurring oppressive costs by one party, ex parte, which may be taxed to his adversary, and yet provides for full utilization of charts and exhibits necessary to the proper and efficient disposition of the case."). That rationale is particularly relevant in cases such as this one, in which Safeway incurred substantial expenses in producing trial demonstratives to explain a technology that is neither complex nor sophisticated, and the expenses only came to light in its final bill of costs. Kroy had no prior notice of, nor any reason to anticipate, such expenses. In the Court's view, it is unfair to require Kroy to bear these unanticipated costs that have resulted from Safeway's unilateral acts.

Safeway cannot recover expenses related to the trial graphics for the additional reason that it has not demonstrated that the graphics were "necessarily obtained for use in the case." 29 U.S.C. § 1920(4). Safeway's motion seeks recovery of 50 percent of the "professional services fees for trial graphics," without informing the Court or its opponent what those graphical materials were or what they were used for. The invoices found in Exhibit H to Safeway's motion likewise provide little clue as to the necessity of the trial graphics: They merely itemize the bulk of the charges by listing the hours that individual artists or technicians spent on producing the graphics, without identifying the nature of the materials that were produced. Thus, Safeway has provided the Court with little more than its "bare representation that the expenditures in question qualify under section 1920." DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc., No. 2:12-CV-00764-WCB-RSP, 2015 WL 164072, at *4-5 (E.D. Tex. Jan. 13, 2015). For this reason as well, the Court denies Safeway's request to recover expenses related to the trial graphics.

### 3. Printed Deposition Transcript Fees

Safeway claims fees for the deposition transcripts of the named co-inventors of the patent in suit (York Eggleston and Andrey Ukhov), Safeway's designated technical and financial witnesses (Michael Langlois, Kiran Kumar, Wendy Halton and Colleen Wortham), Safeway's non-infringement expert (Srinivasan Jagannathan), Kroy's damages expert (Jeffrey Cordray) and invalidity/infringement expert (Robert Sherwood). Safeway seeks a total of $20,639.91 for costs related to these depositions.

Kroy objects to Safeway's claim in part. It argues first that Safeway has improperly included incidental expenses, such as charges for the production of color exhibits and delivery charges for the transcripts. Second, Kroy asserts that the costs incurred in connection with the second Kumar deposition and the combined second deposition of Michael Langlois and Colleen Wortham are not recoverable, because those depositions occurred only as a result of Safeway's failure to disclose certain information earlier in the case.

A prevailing party may recover the costs of taking, transcribing, and reproducing depositions that are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); Fogelman, 920 F.2d at 285. However, incidental expenses related to taking the depositions, such as the costs of parking, expedited delivery, and postage, are generally not recoverable. Maurice Mitchell Innovations, L.P. v. Intel Corp., 491 F. Supp. 2d 684, 687 (E.D. Tex. 2007); Halliburton Energy Servs., Inc. v. M-I, LLC, 244 F.R.D. 369, 372-73 (E.D. Tex. 2007); Standing Order Regarding Bills of Costs 5 (E.D. Tex. Sept. 2, 2014) (Gilstrap, J.).

The Court agrees with Kroy that Safeway is not entitled to recover the costs of producing color exhibits, because Safeway has not demonstrated that using color exhibits (as opposed to

black-and-white copies of the exhibits) was necessary in this case. In addition, the charges for delivering the deposition transcript, like the costs of postage, are incidental expenses unrecoverable under section 1920(2).

The Court disagrees, however, that it should deny recovery of the costs related to the second Kumar deposition and the combined second Langlois/Colleen deposition based on the claim of discovery misconduct on Safeway's part. To the extent that any discovery sanction might have been justified by Safeway's misconduct, the Court addressed that issue during the June 20, 2014, hearing on Kroy's motion to compel the production of discovery materials. When asked at the hearing what sanction it was seeking for Safeway's failure to produce the requested materials, Kroy requested only that Safeway be precluded from arguing that a particular claim limitation is not met; Kroy did not argue that Safeway should bear the costs of supplemental depositions resulting from the parties' dispute. Transcript of June 20, 2014, Hearing, Dkt. No. 111, at 55-58. The Court rejected Kroy's sanction request, concluding that the circumstances of the case did not justify "any particular sanction measure." Id. at 58. Because Kroy failed to seek recovery of expenses related to the supplemental depositions on a timely basis, and because it does not challenge the Court's finding that no sanction was justified for the asserted discovery misconduct, the Court has no reason to deny Safeway's request to recover those costs related to the supplemental depositions that are authorized under section 1920(2).

### 4. Video Deposition Fees

In addition to seeking an award of costs for printed deposition transcripts, Safeway also claims the fees for videotaped depositions of the same witnesses. The total amount of the requested costs for the video depositions is $9,467.71.

Kroy argues that Safeway cannot recover any fees for video depositions because it has not shown that the videotapes of those depositions were necessarily obtained for use in this case. Safeway asserts, on the other hand, that it is now "well settled" in this Court that costs relating to deposition transcripts and video recording are both taxable.

The Court disagrees that the law governing whether a prevailing party may recover the expenses related to video depositions is well settled. See DietGoal, 2015 WL 164072, at *2 (discussing the split of opinions among district courts regarding whether section 1920(2), as amended in 2008, permits recovery of costs for the preparation of both the videotaped deposition and the printed deposition transcript). While the Fifth Circuit has implicitly recognized that costs may be allowed for videotaped depositions under the current version of section 1920(2), see S&D Trading Academy, LLC v. AAFIS, Inc., 336 F. Appx. 443, 450-52 (5th Cir. 2009), some Texas district courts have denied requests to assess costs for both a videotaped deposition and a printed transcript of the same deposition, when the prevailing party failed to show that the video was necessarily obtained for use in the case. See, e.g., HEI Res. E. OMG Joint Venture v. S. Lavon Evans, Jr. Operating Co., No. CIV.A. 5:07-CV-62, 2010 WL 536997, at *5 (S.D. Tex. Feb. 10, 2010) ("The undersigned will not allow Plaintiff to recover nearly double the costs for a deposition transcript merely for the convenience of having the deposition record in both written and electronic format."); cf. Nilesh Enters., Inc. v. Lawyers Title Ins. Corp., No. SA-08-CV-661-XR, 2010 WL 2671728, at *3 (W.D. Tex. July 1, 2010) ("Videotape deposition costs and deposition transcripts are both recoverable costs. However, the requesting party still bears the burden of showing that it was reasonably obtained for use at trial[.]").

When courts have allowed the recovery of costs for both a printed deposition transcript and a videotaped deposition, it has often been the case that the video deposition was played at trial. See SynQor, 2011 WL 4591893, at *2; Eolas Techs. Inc. v. Adobe Sys., Inc., 891 F. Supp. 2d 803, 805-06 (E.D. Tex. 2012); Versata Software Inc. v. SAP Am., Inc., No. 2:07-CV-153 CE, 2011 WL 4436283, at *1 (E.D. Tex. Sept. 23, 2011); Nilesh Enters., 2010 WL 2671728, at *3; Baisden v. I'm Ready Prods., Inc., 793 F. Supp. 2d 970, 977 (S.D. Tex. 2011); Allstate Ins. Co. v. Plambeck, 66 F. Supp. 3d 782, 789-90 (N.D. Tex. 2014). Costs for both printed transcripts and videotapes of depositions have also been awarded when the circumstances of the case have made it appear reasonably necessary, at the time of the deposition, to have a videotape of the deposition. See Baisden, 793 F. Supp. 2d at 977 (awarding costs for video depositions where the only depositions that had been videotaped were depositions of witnesses whose live attendance at trial was uncertain or witnesses whose credibility was sharply disputed); Allstate, 66 F. Supp. 3d at 789-90 (awarding costs for video depositions of witnesses who, at the time of the depositions, were reasonably expected to be absent from trial, such as when the witnesses were outside the court's subpoena power).

Here, Safeway's video depositions were not used at trial, as the Court disposed of the case on summary judgment motions. Nor did the summary judgment motions reference any of the video depositions. To be sure, the Fifth Circuit has held that "it is not required that a deposition actually be introduced in evidence for it to be necessary for a case—as long as there is a reasonable expectation that the deposition may be used for trial preparation." See Stearns Airport Equip. Co. v. FMC Corp., 170 F.3d 518, 536 (5th Cir. 1999). Safeway has failed to make such a showing of necessity, however.

Safeway argues that the videotaped depositions were necessarily obtained for use in the case for the same reasons that deposition transcripts were obtained, i.e., because the depositions related to key witnesses and Safeway reasonably expected to use the depositions for purposes of pretrial preparation, direct examination, and cross examination. These are legitimate reasons for awarding costs for a printed copy of the deposition transcripts; they do not, however, provide a sufficient explanation, standing alone, for the need for videotaped copies of the depositions. Safeway has not identified a single task in pretrial preparation or in trial that could not reasonably be accomplished using only the printed deposition transcripts. Safeway argues, for instance, that videotaped depositions might be useful to address a witness's credibility, but it does not dispute that it could use printed transcripts to achieve the same purpose. Nor has Safeway suggested that, at the time of the depositions, it reasonably expected any of the deposed witnesses to be absent from trial. More is required, other than that the depositions were both transcribed and videotaped, to assure the Court that videotaping the depositions was necessary in this case. Thus, the Court agrees with Kroy that Safeway has not met its burden to demonstrate the necessity of the video depositions and accordingly denies the request for expenses related to the production of those videos.

**5. Copying Costs**

Safeway next requests an award of the costs of making copies, which include (1) "Reed Smith copying charges" in the amount of $15,134.35 and (2) "outside vendor copying costs" in the amount of $4,799.62. To support its claim for copying costs, Safeway submits invoices for the Reed Smith copying charges and for the charges incurred by outside vendors, along with a

spreadsheet breaking down the Reed Smith charges into specific tasks (e.g., "prints related to claim construction briefing").

Kroy contends that Safeway fails to provide sufficient information to justify the necessity of the copying costs. Specifically, Kroy argues that Safeway has not established the necessity for making copies related to claim construction briefing, because all filings are electronic in this case and the Court did not require any paper courtesy copies of filings. Further, Kroy points to certain line items listed in Safeway's supporting documents that refer to hundreds or even thousands of copies at one time, without much explanation of what was being copied and for what purpose the copies were made. Finally, Kroy complains that some of Safeway's invoices include charges for multiple copies, which are not allowable. See Fogelman, 920 F.2d at 286 (the losing party "should not be held responsible for multiple copies of documents").

The Court disagrees that it should deny the copying costs related to claim construction briefing simply because all filings were electronic in this case. The fact that the claim construction briefs were submitted electronically and no paper courtesy copies were required does not preclude the recovery of copying costs reasonably incurred in preparing the briefs.

With that said, the Court is troubled by some of the line items listed in Safeway's spreadsheet and invoices which assess costs for making an unusually large number of copies (hundreds or thousands) accompanied by a minimal amount of explanation. For example, Safeway's spreadsheet shows a line item representing 2499 copies of prints related to "deposition prep for Y. Eggleston." See Dkt. No. 230-7, at 6 (additional prints were also made in quantity of 153 copies, 912 copies, 150 copies, 309 copies, etc., all with the same line item description); see also id. at 13-14 ("prints related to Sherwood deposition prep and expert


reports" were made in 312 copies, 1374 copies, 825 copies, 384 copies, 460 copies, respectively). In another instance, the invoice shows a charge for 6,124 pages of black-and-white blowback printing with a three-word description "Killion depo prep." Dkt. No. 230-9, at 8. Some of these charges are also repetitive. See Dkt. No. 230-7, at 6 (showing two identical line items each representing 2499 copies of prints related to "deposition prep for Y. Eggleston"). Some of the invoices fail to identify the items being printed or copied at all. See Dkt. No. 230-9, at 6 (ordering 8,704 pages of prints for unidentified materials). Moreover, the Court agrees with Kroy that Safeway's invoices appear to include charges for printing multiple copies of the same document. See Dkt. No. 230-9, at 5 (ordering "Binding" in a quantity of 10).

While courts do not "expect a prevailing party to identify every Xerox copy made for use in the course of legal proceedings," they do "require some demonstration that reproduction costs necessarily result from that litigation." Fogelman, 920 F.2d at 286. Safeway's supporting evidence for the copying costs admittedly contains more detail than was presented to the Court in DietGoal, where the Court found that the prevailing party had failed to make the required showing that reproduction costs were necessary. See DietGoal, 2015 WL 164072, at *4. The information provided by Safeway is nevertheless insufficient for the Court to make a reasonable determination of necessity, especially regarding the many instances in which Safeway claims costs for an extraordinary number of copies with only a skeletal description of the subject matter of the copied documents. Because it seems likely that at least some amount of what is claimed in this set of items is entitled to be assessed as costs, the Court will allow Safeway to supplement its request with information sufficient to make an adequate showing of entitlement if it does so

within 10 days of the date of this order. Absent such a supplemental filing, the Court will deny this item in its entirety.

**6. Hearing Transcripts**

Finally, Safeway claims the costs of transcripts related to (1) the April 19, 2014, claim construction hearing; (2) the June 20, 2014, telephonic hearing on discovery motions; and (3) the November 14, 2014, hearing on summary judgment motions and Daubert motions. Safeway seeks a total of $1364.10 for those three items.[3]

A prevailing party may recover the costs of "printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Safeway explains that it obtained the transcript of the hearing on discovery motions in order to prepare its witnesses for the depositions requested by Kroy. It states that it obtained the transcript of the summary judgment hearing in order to address the supplemental briefing that the Court requested in that hearing. The Court agrees that the transcripts of those hearings were necessarily obtained for use in the case. Furthermore, it is reasonable to expect that what transpires at a claim construction hearing would continue shaping the parties' positions on infringement and validity. Thus, obtaining a transcript of the claim construction hearing is often necessary. The Court therefore awards Safeway's court transcript costs in their entirety.

**7. Summary**

In summary, the portions of the bill of costs to which Kroy has not objected are GRANTED. The request for an award for trial preparation and graphics costs is DENIED. The

---

[3] Safeway has removed the charge related to the June 27, 2014, hearing on Kroy's motion to compel production from a different defendant. That charge was originally included in Safeway's proposed bill of costs.

request for an award for printed deposition transcript fees is GRANTED, but the request for the expenses of producing color exhibits and the transcript delivery charges is DENIED. The request for an award for video deposition fees is DENIED. The request for copying costs (incurred by Reed Smith and outside vendors) is DENIED without prejudice to Safeway's right to make a further submission within 10 days of the date of this order demonstrating its entitlement to costs on this item. The request for an award for court transcript fees is GRANTED.

With this guidance, and with any further determination that may be made by the Court as to Safeway's copying costs in the event that Safeway supplements documentation as to its copying costs within 10 days, the Court expects that the parties will be able to calculate the dollar amount of the costs award without the need for further intervention by the Court.

IT IS SO ORDERED.

SIGNED this 13th day of August, 2015.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE