IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KROY IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 2:12-cv-00800-WCB |
| | § | |
| SAFEWAY, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

The Court previously granted in part and denied in part the motion by defendant Safeway, Inc., for entry of a bill of costs. Dkt. No. 238. Among other things, the Court denied Safeway's request for copying costs but allowed Safeway to make a further submission within 10 days of the previous order demonstrating its entitlement to copying costs. Safeway timely submitted a supplemental filing regarding copying costs, accompanied by an attorney declaration, which referred to materials previously submitted with Safeway's original motion. Dkt. No. 239. Plaintiff Kroy IP Holdings, LLC, filed a response to Safeway's supplemental submission, again objecting to Safeway's request for copying costs. Dkt. No. 242. For the reasons stated below, the Court grants some of Safeway's requested costs but denies others.

The costs statute provides that a court may award costs for making copies of materials "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). While the party seeking an award of costs need not identify "every xerox copy made for use in the course of legal proceedings," it must show that the reproduction costs "necessarily result from that litigation."

1

Fogleman v. ARAMCO (Arabian Am. Oil Co.), 920 F.2d 278, 286 (5th Cir. 1991). A losing party "should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." Id.; see also Halliburton Energy Servs., Inc. v. M-I, LLC, 244 F.R.D. 369, 371-72 (E.D. Tex. 2007). Importantly, the burden is on the prevailing party to establish the amount of compensable costs and expenses to which it is entitled; the prevailing party necessarily assumes the risks inherent in a failure to meet that burden. In re Ricoh Co., Ltd. Patent Litigation, 661 F.3d 1361, 1367 (Fed. Cir. 2011).

**1. Copying Costs Relating to Claim Construction Briefs and Hearing Preparation**

Safeway seeks to recover the costs of copying materials in connection with the claim construction proceedings. Specifically, Safeway requests an award of costs for photocopying the following items: (1) Kroy's opening and reply briefs on claim construction and the accompanying exhibits, which totaled nearly 950 pages; (2) various patents, copied for purposes of review and analysis as prior art; (3) the U.S. and European patent prosecution histories of the patent in suit, totaling nearly 1,500 pages; and (4) Safeway's responsive claim construction brief and exhibits, which totaled 975 pages. Safeway's request also includes $1,126.89 for outside vendor charges for ten binders containing Safeway's technical tutorial.

The parties' claim construction briefs and corresponding exhibits, the complete patent prosecution histories of the patent in suit, as well as the various prior art patents—although voluminous—are all documents directly pertinent to important issues in the case, and the Court finds that the cost of producing copies of those documents was "reasonably necessary to the

maintenance of the action." Summit Tech., Inc. v. Nidek Co., 435 F.3d 1371, 1378 (Fed. Cir. 2006); Rundus v. City of Dallas, Tex., 634 F.3d 309, 316 (5th Cir. 2011) (copying costs recoverable if the party making copies "has a reasonable belief that the documents will be used during trial or for trial preparation"). Thus, the Court concludes that Safeway is entitled to recover the costs of reproducing one copy of each of those items as copies "necessarily obtained for use in the case." However, the charges for producing ten binders containing Safeway's technical tutorial are not recoverable, as the Court has already found that a technical tutorial was not necessary in this case. Dkt. No. 238, at 3.

**2. Copying Costs Relating to Preparation for the Depositions of Safeway's Witnesses**

Safeway requests $2441.82 in copying costs for documents relating to the deposition preparation of its own witnesses Travis Killion, Michael Langlois, Wendy Halton, and Colleen Wortham. Dkt. No. 230-7, at 4-5; Dkt. No. 230-9, at 9-10. Safeway claims that it produced more than 7,300 pages of documents and made available more than 44,000 documents (consisting of more than 200,000 pages) for review prior to the Killion and Langlois depositions, and that it produced nearly 20,000 pages of documents and made available 44,000 documents for review prior to the Halton and Wortham depositions. According to Safeway, the $2441.82 in claimed copying costs were for photocopies of "certain of these documents" for use during deposition preparation sessions with the witnesses.

Based on Safeway's barebones description of the copied documents, the Court cannot ascertain whether those reproduced documents satisfy the statutory requirement that they were "necessarily obtained for use in the case." Simply describing the copied items as "certain . . . documents" among the hundreds of thousands pages of documents produced prior to

3

the depositions tells the Court very little about the nature of the documents or whether the production of copies was necessary for use in the case. Thus, Safeway has not met its burden to demonstrate the necessity of making these copies. To the extent Safeway photocopied any actual deposition exhibits in preparation for the Killion, Langlois, Halton, and Wortham depositions, it may recover the costs of making one copy of each of those exhibits. Beyond that, however, Safeway is not entitled to recover any other copying costs relating to the depositions of its own witnesses. To the extent that Safeway's records do not enable it to identify what portion of the requested $2441.82 for this category is attributable to making one copy of each of the deposition exhibits, the requested amount will be denied in its entirety.

### 3. Copying Costs Relating to Preparation for the Eggleston Deposition

Safeway claims copying costs relating to preparation for the deposition of York Eggleston, one of the inventors of the patent in suit. Specifically, Safeway seeks to recover the costs of making copies of "certain" of the approximately 40,000 pages of documents that Kroy produced prior to the Eggleston deposition. In addition, it claims the costs of making three copies of the approximately 2,750 pages of documents that were marked as exhibits at Mr. Eggleston's deposition.

Safeway cannot recover the cost of photocopying "certain" of the 40,000 pages of produced documents for the same reason as stated above: It has failed to identify those documents with any specificity and thus has failed to prove the necessity of copying them. However, because deposition exhibits may fairly be said to be used in the case, the Court will permit Safeway to recover the cost of producing one copy of each of the deposition exhibits, but

not the cost of producing any additional copies.  See Fogleman, 920 F.2d at 286 (a losing party should not be held responsible for multiple copies of documents).

### 4. Copying Costs Relating to Expert Reports and Expert Depositions

Safeway next seeks an award of costs for making full or partial copies of Kroy's expert witness reports, totaling about 335 pages; its own expert witness reports, totaling more than 700 pages; and the materials relied upon by each expert, which, according to Safeway, amount to "tens of thousands of pages of documents." Safeway asserts that it made those copies in preparation for the depositions of Kroy's experts and its own experts.  Safeway acknowledges that it made multiple copies of certain of those documents for use as deposition exhibits.

Safeway is entitled to recover the costs of making one copy of each of the expert reports and one copy of the deposition exhibits used at each of the expert depositions.  Safeway is not entitled to recover, however, the copying costs for "materials relied upon" by the experts, because it has not demonstrated the necessity of photocopying those documents.  The Court cannot determine the necessity of copying "tens of thousands of pages of documents" based on the generic description that they are "materials relied upon" by the experts.  Further, Safeway is not entitled to recover the costs of making duplicative copies of the deposition exhibits used at the expert depositions.

### 5. Copying Costs Relating to Motions for Summary Judgment, Daubert Motions, and Motions in Limine

Safeway claims the cost of photocopying the parties' respective summary judgment briefs and exhibits, their respective Daubert motion briefs and exhibits, and the briefs and exhibits relating to their motions in limine.  The cost of reproducing one copy of each of those filings in the case is recoverable.

**6. Copying Costs Relating to the November 14, 2014, Hearing**

The Court held a hearing on November 14, 2014, on Safeway's summary judgment motions and the parties' Daubert motions. Safeway made full or partial copies of the briefs and exhibits in support of the summary judgment and Daubert motions for purposes of that hearing. Having allowed Safeway to recover the cost of making one complete copy of each of those briefs and exhibits, the Court perceives no reason to make a further award of costs for the reproduction of additional copies of those materials simply for the purpose of preparing for the hearing. Safeway has failed to show that it is entitled to recover the copying costs relating to the November 14, 2014, hearing.

**7. Copying Costs Relating to Pretrial Filings and Preparation**

Safeway also claims the costs of photocopying the following items in connection with its pretrial filings and preparation: (1) copies of the reports and deposition testimony of the experts who were the subjects of the Daubert motions; (2) the parties' respective pretrial filings; (3) documents produced for review as trial exhibits; (4) documents marked as exhibits at depositions for review as potential trial exhibits; and (5) deposition transcripts for review as possible deposition designations or counter-designations.

With respect to the first item, the Court has allowed Safeway to recover the costs for making one copy of each side's expert reports and has previously allowed Safeway to recover the printed transcript fees for the expert depositions. See Dkt. No. 238, at 8. Safeway fails to establish the necessity of making additional copies of the same documents for purposes of pretrial preparation. Thus, Safeway is not entitled to recover the copying costs for these additional copies of the expert reports and deposition testimony.

For similar reasons, Safeway cannot recover the cost of photocopying the produced documents, deposition exhibits, and deposition transcripts simply to ascertain whether some of those documents should be used as trial exhibits. The Court has allowed Safeway to recover the cost of reproducing one copy of the deposition exhibits and the cost of the deposition transcripts. Safeway's decision to produce additional copies of the same documents for pretrial review was a matter of convenience rather than necessity. However, to the extent that any of the copied items were actually proposed to be trial exhibits, or that any portions of the deposition transcripts were designated by either party for use at trial, Safeway may recover the cost of making one copy of those selected materials. While some of the proposed trial exhibits and designated deposition transcripts overlap with items already allowed under section 1920 (e.g., one complete copy of the deposition transcripts), those materials serve the separate purpose of being intended for presentation to the jury at trial. Thus, the availability of a copy of the trial exhibits and the designated and counter-designated deposition transcripts is necessary for use in the case.

Finally, Safeway may recover the cost of making one copy of any documents filed or served by either party in the pretrial proceedings.

### 8. Copying Costs Relating to Trial Preparation

Safeway also claims copying costs relating to trial preparation. For this purpose, Safeway made yet another copy of the same items that it had reproduced for pretrial preparation, including "thousands of pages of the parties' trial exhibits, deposition transcripts, and pleadings." Safeway fails to establish the necessity of making multiple copies of the same items for pretrial and trial purposes, respectively. Thus, the Court finds that Safeway is not entitled to recover these repetitive copying costs relating to trial preparation.

7

### 9. Other Copying Costs

In its previous order, the Court found that Safeway had not established the necessity of producing color exhibits. Dkt. No. 238, at 7. In its supplemental submission, Safeway again requests $2,408.57 for color copies, without explaining why color copies, as opposed to black-and-white copies, were necessary for use in the case. Thus, the Court denies Safeway's request to recover the costs of making color copies.

The invoices Safeway submitted to support its request for copying costs also include charges unrelated to copying, such as charges for binding, scanning, delivery, and OCR conversion. See, e.g., Dkt. No. 230-9, at 5, 11. Those costs are not recoverable under section 1920(4), and Safeway has not sought their recovery under any other statutory provision. Thus, the Court denies Safeway's request to recover the non-copying related costs.

### 10. Summary

In summary, Safeway is allowed to recover the costs of making one copy of the following items: (1) the parties' claim construction briefs and corresponding exhibits, the complete patent prosecution histories of the patent in suit, and the various prior art patents; (2) the deposition exhibits used at the Killion, Langlois, Halton, and Wortham depositions; (3) the deposition exhibits used at the Eggleston deposition; (4) each party's expert reports and the deposition exhibits used at each of the expert depositions; (5) the parties' respective summary judgment briefs and exhibits, Daubert motion briefs and exhibits, and briefs and exhibits relating to motions in limine; (6) materials served or filed by the parties in the pretrial proceeding; and (7) the parties' proposed trial exhibits and the designated and counter-designated deposition transcripts, if any.

With the guidance set forth above, the Court expects that the parties will be able to calculate the dollar amount of the copying costs award without the need for further intervention by the Court.

IT IS SO ORDERED.

SIGNED this 8th day of September, 2015.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE